JACOB DANIEL v. WILLIAM D. ROBINSON.

[See 66 Mich. 296.]

*Fraudulent representations—Statute of frauds.*

The former decision in this case (*ante,* 296) is held controlling, no spec-
    ial difference appearing in the records, and the testimony being
    amply sufficient to sustain plaintiff's case.

Error to Wayne.   (Reilly, J.)   Argued February 19, 1889.
Decided April 12, 1889.

Case.   Defendant brings error.   Affirmed.   The facts are
stated in the opinion, and in the former report of the case.

*Dickinson, Thurb r & Hosmer,* for appellant.
*James H. Pound,* for plaintiff.

CAMPBELL, J. Upon the first trial of this case the court took it from the jury, chiefly on the ground that the liability sued on could not be maintained except on a written representation concerning the responsibility of contractors with whom plaintiff dealt. We held that the declaration made out a good cause of action, which did not depend on any statute, and that the case should have gone to the jury. *Daniel v. Robinson, ante,* 296.

A trial on the merits resulted in a verdict for plaintiff, and defendant now brings error. The facts are sufficiently outlined in our former decision, and plaintiff introduced testimony which fully authorized the verdict rendered. The case was substantially that plaintiff had contracted to deliver brick to persons who had a subcontract upon buildings in Detroit, which were let to build by defendant in his own name, but on land which belonged to his wife, who was the person chiefly interested, but who made no contract. Plaintiff, being uneasy about his pay, refused to go on delivering bricks without some assurance of safety. He had an interview with defendant, at which he swears and the jury must have found he was induced to go on and deliver the remainder needed, by Robinson's assurance that such arrangements existed that there would be money applicable to pay plaintiff in the hands of defendant's agent, and that it would be paid.

Defendant denied the whole thing, and there was a good deal of circumstantial testimony in the case. The original amount of brick called for was 100,000, but, this not being enough, about 25,000 more were delivered. The declaration did not count in terms on a sale to Robinson, but set up such facts as indicated his appearing as the party chiefly to be benefited by the transaction, and who represented that he had guarded the rights of the material-men, who, if he had owned the property, might have had means of securing themselves under the statutes. The case, as stated in our former decision, was not one of representations concerning the

responsibility of other parties, but one where defendant, having an interest, made such representations concerning the character of his own relations with them, and of his own means of protecting plaintiff through those relations, as would make plaintiff safe in furnishing the brick. It is not sued on as a contract, and was not claimed to have substituted defendant for the principal contractors. The promises and representations of defendant were not to pay the debt, and would not probably have maintained assumpsit, for reasons not free from technicality. But there was no reason why promises which did not amount to a contract were not fairly receivable in connection with the representations, as giving to these more plausibility and apparent force. They certainly could not undo the representations, and had no meaning without them. If defendant represented that it would be within his power if he chose to retain money to pay plaintiff, but did not indicate that he would feel so inclined, it is not likely plaintiff would have let the bricks go. But if, as testified, he not only said it would be in his power to apply money to the material-men, but that he or his agent would do so, this promise, though not an actionable contract, would to any sensible man give meaning to the representations, and make them equivalent to an assurance that the funds would be reliably forthcoming on the contingency contemplated.

There are several errors assigned, but not many are now urged, and these chiefly rest on the idea that if a promise was made and relied on the action was wrongly brought. We cannot see that there is any special difference between the two records before us, and the decision in the former case could not have been made without deciding most of the present one.

We do not think the defendant entitled to ask that the case should be taken from the jury. The testimony amply sustained plaintiff's case.

We do not think there was any error in refusing to submit

to the jury the question separately whether plaintiff sold the brick relying solely on the promise of defendant that he would pay for the same either through himself or through his agent. Defendant denied the arrangement entirely. The only evidence of any such promise was, as before suggested, not by way of contract, but in connection with representations as to his relations with the contractors and materialmen. There was nothing which could have justified any finding which separated the promise from the remainder of the dealing, and the jury would have been misled by having it so presented.

Neither do we find anything in the testimony tending to show that the 25,000 brick last furnished were purchased by Robinson, and the court rightly declined to put that query to the jury. We also think that the court sufficiently presented all the questions propounded by defendant's counsel as to defendant's responsibility for his representations. The charge is somewhat guarded on that subject, especially when it is considered that the representations related to matters on which he assumed knowledge, and on which he was presumably informed. There was very little room for honest ignorance in such a case, but this was allowed for in the charge.

Complaint is made of the admission of testimony concerning the manner in which the other parties were paid, the standing of the contractors, the urgency of the work, the mutual relations of the various parties interested in the building, and other similar matters. Had some of this been excluded, possibly there would have been no ground of error. But it seems to us that the occasion for plaintiff's application to Robinson, and the probability of the respective statements of these parties contradicting each other on the stand, would receive some light from an understanding of all these transactions. If not, and if they were so immaterial as to explain nothing, we doubt whether any of the testimony

complained of would have been prejudicial, and therefore erroneous. But, while of no other value, we think it did have some bearing on the comprehension of the case presented.

The case was fairly presented, and we are not inclined to disturb the judgment, which must be affirmed.

The other Justices concurred.